16-3612
Lin v. Sessions

BIA
A099 686 013

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand eighteen.

PRESENT:
        BARRINGTON D. PARKER,
        REENA RAGGI,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

YUN LIN,
       *Petitioner,*

       v.                          **16-3612**
                                       **NAC**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Briena L. Strippoli, Senior Litigation Counsel; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yun Lin, a native and citizen of the People's Republic of China, seeks review of a September 28, 2016, decision of the BIA denying her motion to reopen as untimely. *In re Yun Lin,* No. A099 686 013 (B.I.A. Sept. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Lin's 2016 motion to reopen was untimely filed more than 6 years after her removal order became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8

U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Lin failed to demonstrate worsened repression of Christians or harsher enforcement of the family planning policy.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, reports from the U.S. Department of State demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups since before Lin's 2007 hearing. Accordingly, Lin did not meet her burden of showing a material change as needed to excuse her untimely filing. *Id.* As to her family planning claim, the birth of Lin's children in the United States was a change in her personal circumstances, not a change in country conditions as needed to excuse the time limit. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (upholding conclusion "that the birth of petitioner's two children in the United States is

3

evidence of . . . changed personal circumstances, as opposed to changed conditions in China."). Lin's country conditions evidence did not establish a material increase in enforcement of China's family planning policy. Indeed, Lin acknowledged in her motion to reopen that China had relaxed its strict enforcement of its one-child policy, and much of her evidence explicitly stated that China's coercive population control apparatus remains unchanged.

Contrary to Lin's assertion, the BIA did not abuse its discretion by according her incomplete country reports limited weight. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also* BIA Practice Manual Ch. 3.3(e) ("When a party relies upon any supporting document, a copy of that document must be provided to the Board and the other party."). Moreover, the BIA considered the evidence presented and, as concluded above, reasonably determined that the evidence did not establish a material change in conditions in China.

Because the BIA did not abuse its discretion in denying the motion as untimely based on Lin's failure to establish a

4

material change in conditions in China, we need not reach the BIA's alternative ruling that Lin failed to show her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5